UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Kristina Pastoriza and
Ruth Ward**

    v.

**Public Service Company
of New Hampshire, et al.**

Case No. 24-cv-252-PB-TSM
Opinion No. 2025 DNH 026

## MEMORANDUM AND ORDER

Public Service Company of New Hampshire, doing business as Eversource Energy (Eversource), is proposing to rebuild a 49-mile-long electric transmission line that crosses property owned by Kristina Pastoriza and Ruth Ward. The Federal Energy Regulatory Commission (FERC) has jurisdiction over Eversource's proposal and ISO-New England (ISO-NE) is the Regional Transmission Organization (RTO) that is responsible for ensuring the proposal aligns with regional energy transmission needs.[1]

Pastoriza and Ward have sued Eversource, FERC, and ISO-NE. They argue that FERC and ISO-NE are violating the Federal Power Act (FPA) by

---

[1] "RTOs are independent organizations that manage the transmission of electricity over the electric grid and ensure electricity is reliably available for consumers." Am. Mun. Power, Inc. v. FERC, 86 F.4th 922, 926 (D.C. Cir. 2023) (cleaned up).

allowing Eversource to proceed with the rebuilding project without first complying with the detailed project planning process mandated by the FPA. They also claim that the rebuilding project is unlawful under state law because it will exceed the scope of Eversource's existing power line easement.

The defendants have responded with motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I. STANDARD OF REVIEW

Rule 12(b)(1) is used to attack the court's subject-matter jurisdiction, and Rule 12(b)(6) provides a path to challenge the sufficiency of a complaint. In cases such as this, where the defendants have not challenged the predicate facts on which plaintiffs' jurisdictional claims are based, the court must assume the truth of plaintiffs' well-pleaded factual allegations and construe the claims in the light most favorable to the plaintiffs regardless of whether a motion to dismiss is based on Rule 12(b)(l) or Rule 12(b)(6). See McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006); Roman-Oliveras v. P.R. Elec. Power Auth., 655 F.3d 43, 45 n.3 (1st Cir. 2011). When a claim is construed in this manner, it will survive dismissal only if it is plausible on its face. See Roman-Oliveras, 655 F.3d at 49; see also Silha v. ACT, Inc., 807 F.3d 169, 174 (7th Cir. 2015) (applying the plausibility requirement when evaluating a motion brought pursuant to Rule 12(b)(l)); Sepúlveda-Villarini v. Dep't of

Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010) (applying the same standard in a Rule 12(b)(6) context).

## II.  ANALYSIS

Defendants challenge the complaint on multiple grounds. FERC argues that the court lacks subject matter jurisdiction over plaintiffs' FPA claim. See Doc. 22. ISO-NE contends that private parties cannot sue to enforce the FPA. See Doc. 26-1. Eversource argues that I should decline to exercise supplemental jurisdiction over the state law claim. See Doc. 24-1. I address these arguments in turn.

### A.  FPA Claim

#### 1.  Subject Matter Jurisdiction

FERC bases its subject matter jurisdiction argument on 16 U.S.C. § 825*l*(b), which provides in pertinent part that "[a]ny party to a proceeding under this chapter aggrieved by an order issued by [FERC] in such proceeding may obtain a review of such order in the United States Court of Appeals for the District of Columbia." 16 U.S.C. 825*l*(b). As FERC notes, where this provision applies, it is an exclusive grant of jurisdiction to the D.C. Circuit. See Me. Council of Atl. Salmon Fed'n v. Nat'l Marine Fisheries Serv., 858 F.3d 690, 693 (1st Cir. 2017)).

3

The problem with FERC's argument, however, is that it is based on a misreading of plaintiffs' FPA claim. Plaintiffs are not parties to any FERC proceeding and they are not aggrieved by any FERC order. Instead, they are seeking to compel FERC and ISO-NE to comply with the FPA. Actions to enforce the FPA are exclusively the province of the federal district courts. Portland Gen. Elec. Co. v. FERC, 854 F.3d 692, 698 (D.C. Cir. 2017) (citing 16 U.S.C. § 825p); Elec. Power Supply Ass'n v. Star, 904 F.3d 518, 522 (7th Cir. 2018). Accordingly, if plaintiffs have a viable cause of action, this court has jurisdiction to address it.

2. Private Enforcement

ISO-NE argues that plaintiffs' FPA claim must be dismissed because the FPA does not authorize private enforcement actions. See Doc. 26-1. Plaintiffs contend that the FPA gives them an implied right to sue. In the alternative, they insist that they are entitled to invoke the court's inherent equitable power to enforce federal law. Neither argument is persuasive.

a. Implied Right to Sue

I need not determine on my own whether the FPA gives private parties an implied right to sue because the First Circuit Court of Appeals has "resoundingly" concluded that it does not. See Allco Renewable Energy Ltd. v. Mass. Elec. Co., 875 F.3d 64, 73 (1st Cir. 2017). In Allco Renewable Energy v.

4

Massachusetts Electric Company, the court considered whether a renewable energy company had an implied right of action under either § 210(h)(1) of the Public Utilities Regulatory Policies Act (PURPA), 16 U.S.C. § 824a-3(h)(1), or independently under §§ 205-06 of the FPA, id. §§ 824d, 824e. See Allco Renewable Energy, 875 F.3d at 72. In rejecting this argument, the court reasoned that: (1) the FPA's text did not signal an intention by Congress to confer a private right to sue; (2) the plaintiff failed to identify any court cases holding that the FPA authorizes private enforcement actions; and (3) the FPA's detailed administrative enforcement process undercuts any claim that Congress also intended to authorize private enforcement actions. Id. at 73.

     Plaintiffs attempt to distinguish Allco by pointing out that the plaintiff in that case was a renewable energy company that was seeking to force a utility to give it access to the electric grid whereas the plaintiffs in this case are landowners and a rate payer who are suing to force FERC and ISO-NE to scrutinize Eversource's proposed rebuilding project more closely. But these claimed differences do not provide a reasoned basis for distinguishing Allco. Accordingly, I reject plaintiffs' claim that the FPA gives them an implied private right to sue.

### b. Equitable Jurisdiction

Plaintiffs alternatively argue that the court has the power to compel the defendants to comply with the FPA even if the act does not give them an implied right to sue. I understand this argument to be a claim that the court has the inherent equitable power to grant them the relief they seek.

Although the Supreme Court has long recognized that federal courts have inherent equitable power to enjoin violations of federal law by both state and federal officials, that power "is subject to express and implied statutory limitations." Armstrong v. Exceptional Childcare, Inc., 575 U.S. 320, 327 (2015). And when a federal statute "implicitly precludes private enforcement," a private entity cannot circumvent that bar to litigation by invoking the court's equitable powers. Id. at 328.

Here, the FPA's remedial structure signals Congress's intention to foreclose private parties from invoking the court's inherent equitable power. First, as other courts have noted, the FPA expressly permits any person to administratively challenge any action by a regulated entity that violates the FPA. See e.g. Coal. for Competitive Elec., Dynegy, Inc. v. Zibelman, 272 F. Supp. 3d 554, 565 (S.D.N.Y. 2017) (citing 16 U.S.C. § 825e). Second, the FPA expressly authorizes FERC to enforce the FPA in court. Id. (citing 16 U.S.C. § 825m). Finally, Congress expressly granted a limited private right of action

to small power producers to challenge state rules governing small production facilities in state court after exhausting administrative remedies without also authorizing the type of action at issue in this case. Id. (citing 16 U.S.C. § 824a-3(h)(2)(B)). This comprehensive remedial scheme—which grants broad administrative remedies to injured private parties, provides for judicial enforcement actions by FERC, and creates only a limited right to judicial enforcement by private parties—offers compelling evidence that Congress intended to preclude the type of private enforcement actions sought by the plaintiffs in this case. Thus, I agree with those courts that have concluded that the FPA precludes private enforcement actions except where expressly authorized. See id. at 566-67; Lawrenceburg Power LLC v. Lawrenceburg Mun. Utils., 410 F. Supp 3d 943, 957 (S.D. Iowa 2019); Vill. of Old Mill Creek v. Star, 2017 WL 3008289, at *9 (N.D. Ill. 2017).

B.  **State Law Claim**

Pastoriza and Ward rely on the court's supplemental jurisdiction in asking the court to address their state law claim. Because, however, I have not allowed the federal claim to proceed, I can only maintain jurisdiction over plaintiffs' state law claim under limited and discretionary circumstances.

The supplemental jurisdiction statute provides that:

in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental

7

> jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). The First Circuit has noted that "[a] federal court may exercise supplemental jurisdiction over a state claim whenever it is joined with a federal claim and the two claims 'derive from a common nucleus of operative fact' and the plaintiff 'would ordinarily be expected to try them both in one judicial proceeding.'" Pejepscot Indus. Park, Inc. v. Me. Cent. R.R. Co., 215 F.3d 195, 206 (1st Cir. 2000) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)). "However, it is settled law that district courts may decline to exercise supplemental jurisdiction over pendant state law claims when the anchor federal claims for those state law claims are dismissed." Borrás-Borrero v. Corporation del Fondo del Seguro del Estado, 958 F.3d 26, 36 (1st Cir. 2020). Especially in the early stages of a case, where the federal claims are dismissed and only state issues survive, federal courts ordinarily should dismiss the state law issues without prejudice so they can be resolved in state court. See id. at 37 (citing Carnegie-Mellon Univ. v. Cohill, 483 U.S. 343, 350 (1988)).

Eversource asks me to determine the scope of a long-held easement under New Hampshire law. New Hampshire courts are well equipped to

8

handle such questions of property law. Adjudicating the easement issue does not require any interpretation of federal statutes or regulations. Nor does it involve any federal parties. As such, there is no reason to maintain jurisdiction over that claim.

### III. CONCLUSION

For the reasons explained above, I grant ISO-NE's motion to dismiss plaintiffs' FPA claim, Doc. 26-1, for failure to state a claim. In addition, I grant Eversource's motion to dismiss plaintiffs' state law claim, Doc. 24-1, without prejudice. FERC's motion to dismiss for lack of subject matter jurisdiction, Doc. 22, is denied. The clerk shall enter judgment in accordance with this Memorandum and Order and close the case.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

February 28, 2025

cc:   Counsel of Record